IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ZAVIUS AVERETTE, #217 905       *

    Plaintiff,                  *

    v.                          *      2:06-CV-399-MHT
                                       (WO)
LT. WILLIE COPELAND, *et al.*,  *

    Defendants.                 *

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate proceeding *pro se*, is currently confined at the William E. Donaldson Correctional Facility located in Bessemer, Alabama. In this 42 U.S.C. § 1983 action, Plaintiff complains that in August 2004 he was subjected to excessive force and denied adequate medical care while incarcerated at the Staton Correctional Facility located in Elmore, Alabama.

Upon consideration of the pleadings filed in this case, the court concludes that dismissal of Plaintiff's complaint against some of the named defendants prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**DISCUSSION**

Plaintiff alleges that on August 15, 2004 Defendant Copeland subjected him to excessive force in the presence of Defendant Latimore. Plaintiff states that Defendants Parnell and Adair treated him for the injuries he received from the August 15 incident but complains that the treatment rendered was inadequate. (Doc. No. 1.)

Plaintiff also names several other individuals as defendants in this matter. After carefully reviewing the complaint, however, the court finds that Plaintiff's allegations against Defendants Nobles, Nabb, Browning, Davis, Campbell, Edwards, Bivine, and Richie, do not support a cause of action against these individuals with respect to the conduct about which he complains. While the court is well aware that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Plaintiff's allegations against the individuals noted above fail to assert a claim of constitutional magnitude. Thus, Defendants Nobles, Nabb, Browning, Davis, Campbell, Edwards, Bivine, and Richie are due to be dismissed as parties to the complaint. *See* 28 U.S.C. § 1915(e)(2)(B); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Sandin v. Conner*, 515 U.S. 472 (1995); *Daniels v. Williams*, 474 U.S. 327 (1986).

Based on the foregoing, the court concludes that the conduct and/or actions about which Plaintiff complains with respect to Defendants Nobles, Nabb, Browning, Davis, Campbell, Edwards, Bivine, and Richie do not rise to the level of a constitutional violation and, therefore, provide no basis for relief in this 42 U.S.C. § 1983 action. Plaintiff's complaint against these individuals is, therefore, due to be dismissed pursuant to the

provisions of 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendants Nobles, Nabb, Browning, Davis, Campbell, Edwards, Bivine, and Richie be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B);

2. That Defendants Nobles, Nabb, Browning, Davis, Campbell, Edwards, Bivine, and Richie be DISMISSED as parties to the complaint; and

3. This case with respect to the remaining defendants be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **June 19, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 5th day of June 2006.

                                               **/s/ Delores R. Boyd**
                                               DELORES R. BOYD
                                               UNITED STATES MAGISTRATE JUDGE