IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ZAVIUS AVERETTE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) 2:06-CV-399-MHT<br>WILLIE COPELAND, ET AL. )<br>)<br>Defendants. )<br>)<br>) | |

## SPECIAL REPORT

COME NOW the Defendants, **Willie Copeland, Annie Latimore, Willie Thomas, and Relford Kendrick**, by and through undersigned counsel, and in accordance with this Honorable Court's June 5, 2006 Order, offer the following written report.

## PARTIES

1. The Plaintiff, Zavius Averette, is an inmate of the Alabama Prison System.

2. Defendant Lt. Willie Copeland is a Correctional Officer Supervisor I for the Alabama Department of Corrections and is currently assigned to the Staton Correctional Facility.

3. Defendant Annie Latimore is a Correctional Officer I for the Alabama Department of Corrections and is currently assigned to the Staton Correctional Facility as the Alternate Custodian of Records.

1

4. Defendant Warden Willie Thomas is a Correctional Warden III for the Alabama Department of Corrections and is currently assigned to the Elmore Correctional Facility.

5. Defendant Relford Kendrick is a Correctional Officer I for the Alabama Department of Corrections and is currently assigned to the Staton Correctional Facility.

6. "Nurse Parnell", and "Nurse Adair" are alleged to be nurses employed by Prison Health Services who is contracted with the Alabama Department of Corrections to provide health care services. It is the understanding of the undersigned that service of process has not been perfected on these individuals

## EXHIBITS

EXHIBIT 1 – Affidavit of Warden Willie Thomas.

EXHIBIT 2 – Affidavit of Lt. Willie Copeland.

EXHIBIT 3 – Affidavit of Officer Annie Latimore with attached documents.

EXHIBIT 4 – Affidavit of Officer Relford Kendrick.

EXHIBIT 5 – Affidavit of Lt. Eddie Browning.

## PLAINTIFF'S CLAIMS

Plaintiff claims that the defendants used excessive force against him and failed to provide him with adequate medical attention. Plaintiff demands $50,000 in damages

## DEFENDANTS' RESPONSE

1. The Defendants deny that they violated the Plaintiff's constitutional rights.

2. The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.

3. The Plaintiff has failed to state a claim upon which relief may be granted.

4. The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

5. The Defendants are immune from suit due to qualified immunity.

## STATEMENT OF FACTS

On August 15, 2004, Lt. Copeland was assigned as Staton First Shift Commander. Around 11 o'clock in the morning, Lt. Copeland observed plaintiff standing in the Staton Package Room, near the Common Area, masturbating while watching Nurse Sharon Richie dispense medication at the nearby Pill Call Room. See, Institutional Incident Report, attached to Exhibit 3; Exhibit 2. The Staton Package Room was an area of the prison that plaintiff was not authorized to be in. See, Exhibit 2.

Upon observing Plaintiff masturbating in an unauthorized area of the prison, Lt. Copeland escorted plaintiff to the Shift Commander's Office. Plaintiff was reprimanded for inappropriate behavior and charged with violating rule #38 – indecent exposure/exhibitionism and rule #50 – being in an unauthorized area. See, Exhibits 1, 2, 3 & 4. Plaintiff was then ordered to be placed in the holding unit. See, Exhibits 2 & 4

Officer Latimore was present in the office when Plaintiff was brought to the office. See, Exhibit 3. At no time did Lt. Copeland strike Plaintiff. See, Exhibit 3. At no time did Officer Latimore state to Lt. Copeland not to hit plaintiff in the head as alleged as the allegations made by plaintiff regarding being beaten are totally false. See, Exhibit 3. Officer Kendrick escorted Plaintiff to the Health Care Unit to receive a body chart and place him in the Holding Unit pending disciplinary action. At no time did Officer Kendrick observe Lt. Copeland strike plaintiff, nor did Officer Kendrick observe any injuries to plaintiff that would be consistent with the beating described by plaintiff in

3

his complaint. See, Exhibit 4. Plaintiff's Body Chart indicates that he was seen because, "I hurt my arm" and was in good condition. See, Body Chart, attached to Exhibit 3. Plaintiff was seen at 11:10 am on August 15, 2004. See, Body Chart, attached to Exhibit 3. Plaintiff was found to only have a small cut on his left elbow that was cleaned and bandaged. See, Body Chart, attached to Exhibit 3. No other bruising or injury was noted. See, Body Chart, attached to Exhibit 3. Plaintiff was released 2 minutes later at 11:12 am. See, Body Chart, attached to Exhibit 3. At no time did Officer Kendrick request any bloody clothes be given to him by Plaintiff, or did he place any bloody clothes in a bag as alleged by Plaintiff. See, Exhibit 4.

A disciplinary hearing was held regarding Plaintiff's violation of institutional rules and Plaintiff was found guilty of indecent exposure/exhibitionism. See, Disciplinary Report, attached to Exhibit 3; Exhibit 5. An investigation was conducted by the Alabama Department of Corrections Inspection and Intelligence division into the allegations made by Plaintiff against Lt. Copeland, and the investigators found no validity in the allegations made by Plaintiff. See, Exhibits 1 & 2. Plaintiff does not allege any wrongdoing by Warden Thomas in his complaint.

## ARGUMENT

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. *Celotex Corp. v. Catrett,* 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the

movant is entitled to summary judgment. Id. This case is ripe for summary judgment because the plaintiff cannot present substantial evidence that there is a genuine issue of material fact as to any of his claims and the defendants are entitled to judgment as a matter of law.

Plaintiff's claims against the Defendants in their official capacity fail because Defendants are entitled to immunity pursuant to the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See *Edelman v. Jordan*, 415 U.S. at 663, 94 S. Ct at 1347 and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Defendants were acting within the scope of their official duties in this instance on behalf of the State of Alabama. Therefore, Plaintiff brings suit against the State of Alabama. The State of Alabama has not waived its immunity or consented to the filing of such a suit. Defendants in their official capacities are absolutely immune from suit in this instance. U.S. Const. amend. 11; Art. I, § 14, Ala. Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state). All claims against the Defendants in their official capacities are due to be dismissed.

Plaintiff's claims against Defendant Thomas are due to be dismissed by virtue of qualified immunity. Warden Thomas is designated as a defendant solely on account of his

supervisory roles Warden of Staton Correctional Facility. Supervisory officials cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or vicarious liability. *Ford v. Deloach* WL 1243346, *3 (M.D. Ala., 2005). To recover individually from Warden Thomas in his supervisory capacity, Plaintiff must show that Warden Thomas is liable either through his personal participation in the acts comprising the alleged constitutional violation or the existence of a causal connection linking his actions with the violation. Id. Plaintiff cannot survive summary judgment for Warden Thomas without a showing of a causal connection linking Warden Thomas's actions to Plaintiff's allegations of constitutional violations. Even if Plaintiff could show a causal connection, the claims against Warden Thomas would not survive summary judgment since the claims would be grounded solely on vicarious liability.

Plaintiff's claims against all the Defendants in their individual capacities fail based on qualified immunity, which "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A&M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). Monitoring, disciplining and restraining violent inmates are dangerous undertakings that require the use of discretion. Therefore, Plaintiff must allege a valid violation of his constitutional rights, and show that the Defendant knew that his actions violated clearly established law. Plaintiff's allegations of cruel and unusual punishment, even if proven, show nothing more than *de minimis* injury. See, Body Chart, attached to Exhibit 3. The

Plaintiff has failed to prove any act or injury that rises to a constitutional violation of his rights as a prisoner. The Defendants are therefore entitled to qualified immunity.

Plaintiff's claim that Lt. Copeland violated his Eighth Amendment rights is without merit. Plaintiff states that the Lt. Copeland, in the presence of Officer Latimore, severely beat him for no apparent reason after being seen in the "old package room". Plaintiff alleges multiple injuries producing significant swelling, bruising and injury. The body chart prepared a mere 10 minutes after the "incident" demonstrates that the only injury observed on plaintiff was a small cut on his left elbow that took approximately two minutes to treat. See, Body Chart, attached to Exhibit 3. To state a valid excessive force claim, an inmate's injuries need not be significant, but must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1287 (11th Cir.); modified in part by *Harris v. Garner*, 216 F. 3d 970 (2000). Plaintiff's Complaint alleges no injury upon which he can base a valid excessive force claim.

The Eleventh Circuit follows a two part test to determine whether a plaintiff has established a valid excessive force claim. *Lanier v. Fralic*, No. Civ.A.98-0923AHL, 2000 WL 1844679 *4 (11th Cir. 2000). The test has an objective and subjective component. Id. PLaintiff's excessive force claim cannot be maintained unless he establishes:

1. That he suffered injury that was objectively harmful enough to establish a constitutional violation, and

2. That subjectively, defendant acted maliciously or sadistically to cause the plaintiff harm.

The Eleventh Circuit has observed that injuries resulting from similar usage of force alleged by Plaintiff are too minor to support the objective prong of the excessive

7

force test. *Lanier* at *5 n.5. (citing as *de minimis* injuries: <u>Markiewicz v. Washington</u>, 1999 WL 196596 (7th Cir.1999) (a bruised shoulder from being shoved into a wall); *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997) (a sore, bruised ear lasting three days); *Williams v. Dehay*, 1996 WL 128422 (4th Cir.1996) (transitory back and shoulder aches of limited duration); *Schoka v. Swinney*, 1995 WL 251126 (9th Cir.1995) (a 1.5 inch scratch on the back of the hand from handcuffs); *Riley v. Dotson*, 115 F.3d 1159 (4th Cir.1997) (a welt from a slap on the face); *Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir.1994) (daily headaches without treatment from being hit with a water bucket); *Norman v. Taylor*, 25 F.3d 1259 (4th Cir.1994) (A sore and swollen thumb from being hit with keys)). See also *Santiago v. Semenza*, 965 F. Supp. 468, 472 (S.D.N.Y. 1997) (holding that an officer's striking an insubordinate prisoner in the face causing bruising was not excessive force). Plaintiff's allegations of injuries are *de minimis*, and his excessive force claim fails and Defendants are entitled to summary judgment.

## CONCLUSION

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

> Respectfully submitted,
>
> TROY KING
> Attorney General
>
>
> s/ Benjamin H. Albritton
> Benjamin H. Albritton
> Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 17th day of July, 2006, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Zavius Averette, AIS#217905
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 35023

> s/ Benjamin H. Albritton
> Benjamin H. Albritton
> Assistant Attorney General