IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **ZAVIUS AVERETTE (AIS# 217905)** | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-399-MHT |
| | * | |
| **LT. WILLIE COPELAND, et al.** | * | |
| Defendants. | * | |
| | * | |

## AFFIDAVIT OF MARY ADAIR, L.P.N.

STATE OF ALABAMA

COUNTY OF _____

**BEFORE ME,** _____, a notary public in and for said County and State, personally appeared **MARY ADAIR, L.P.N.** and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of her ability, information, knowledge and belief, as follows:

My name is Mary Adair. I am over the age of twenty-one and am personally familiar with all of the facts set forth in this Affidavit. I hold a degree in nursing from St. Jude School of Nursing. I have been a licensed, practical nurse in Alabama since 1969. I have served in this capacity at Staton Correctional Facility ("Staton") in Elmore County, Alabama, since August 1999. At all pertinent times my employment has been with Prison Health Services, Inc. ("PHS"), the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates.

Zavius Averette (AIS# 217905) is an inmate who was incarcerated at Staton Correctional Facility at all times relevant to this matter. I have reviewed Mr. Averette's Complaint in this action as well as his medical records (certified copies of which are being produced to the Court along with this Affidavit).

It is my understanding that Mr. Averette has made a Complaint in this matter that I have failed to provide him with appropriate medical treatment subsequent to being involved in an altercation with an Alabama Department of Corrections Officer on August 15, 2004. Mr. Averette's allegations are unfounded, as this inmate has been provided appropriate care at all times.

On August 15, 2004, Mr. Averette was escorted to the healthcare unit at Staton by Officer Kendrick. Mr. Averette complained that he had hurt his arm. Mr. Averette was afforded a physical evaluation where it was determined that he had a superficial laceration to his left elbow. No other bruises or abrasions were noted. The area around Mr. Averette's elbow laceration was thoroughly cleaned. A topical antibiotic ointment was applied to the area and a bandage was applied.

Based on my review of Averette's medical records, and on my personal knowledge of the treatment provided to him, it is my opinion that all of his medical conditions and complaints have been evaluated in a timely fashion at Staton Correctional Facility, and that his diagnosed conditions have been treated in a timely and appropriate fashion. At all times, he has received appropriate medical treatment for his health conditions from me and the other PHS personnel at Staton. At no time has he been denied any needed medical treatment. In other words, it is my opinion that the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate.

At no time have I or any of the medical or nursing staff at Staton Correctional Facility denied Averette any needed medical treatment, nor have we ever acted with deliberate indifference to any serious medical need of Averette. At all times, Averette's known medical complaints and conditions have been addressed as promptly as possible under the circumstances."

Further affiant sayith not.

_____
MARY ADAIR, L.P.N.

STATE OF ALABAMA    )
                    )
COUNTY OF _____ )

Sworn to and subscribed before me on this the 10th day of August, 2006.

_____
Notary Public

My Commission Expires:
12/06/2008

3