IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ZAVIUS AVERETTE,
    Plaintiff,

v.                                            2:06-CV-399-MHT

LT. WILKIE COPELAND, et al.,

PLAINTIFF RESPONSE TO DEFENDANTS
SPECIAL REPORT

Comes now the plaintiff Zavius Averette, pro se, and files this response to defendants special report and moves this court to deny defendants Motion to Dismiss/Summary judgment and would show the court as follows: Plaintiff filed a lawsuit on _____, alleging that his rights under the (8)Eight Amendment to the United States Constitution had been violated. The defendants have responded that they deny plaintiff allegations and have requested that judgment be entered in their favor. Plaintiff contend that the issues raised in his complaint are cognizable claims established in fact and law that they had a duty to comply with. Plaintiff respectfully requests that this honorable court deny defendants Motion due to the fact that there are many genuine issues of material facts which are in dispute.

There are genuine issues of material fact that preclude summary judgment for the plaintiff use of force claims... Summary judgment is to be granted only if the record before the court show "that there is no genuine issues as to any material fact and that the moving party is entitled to to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P... A "material" fact is one that might affect the outcome of the suite under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The affidavits of the plaintiff and the defendants are squarly contradictory as to what force was used, when it was used, and how it was used, and why it was used. The allegation in the plaintiff lawsuit and affidavits potrays a completely needless use of force against and inmate who was passive, attempting to cooperate and who posed no threats to defendants. This is clearly a genuine issue of fact! The factual dispute is also material. Under the governing law, whether the use of force by prison staff violates the (8) Eight Amendment depends on whether it was "applied" in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm. Hudson v. McMillion, — U.S. —, 112, 320-321, 106 S.Ct. 1078 (1986) The facts alleged by the plaintiff are evidence that the defendants were acting "maliciously and sadistically to cause harm," they would support a jury verdict in the plaintiff favor. See Miller v. Leathers, 913 F.2d 1085, 1088 (4th Cir. 1990) (en banc), cert. denied, 111 S.Ct. 1018 (1991).

Oliver v. Collins, 914 F.2d 56, 59 (5th Cir. 1990). Testimony that a beating was completely gratuitous and that no force was necessary would support a finding of Malice), Lewis v. Downs, 774 F.2d 711, 714 (6th Cir. 1985) (Evidence that and officer hit and kicked a handcuffed person who was laying on the ground showed Malicious Motivation).

"Qualified Immunity"

A defense of qualified immunity is not available in cases alleging excessive force in violation of the (8) Eight Amendment, because the use of force "Maliciously and sadistically to cause harm", is clearly established to be a constitutional violation Skritch v. Thorton, 280 F.3d 1295, 1301 (11th Cir. 2002). citing Hudson v. McMillon, 503 U.S. 1 (1992), and Whitley v. Albers 475 U.S. 312 (1986)... The only question is whether the plaintiff allege a fact enough to survive a motion for summary judgment, unless the force was de minimis. Id AtSkritch v. Thorton 280 F.3d at 1302; see also Hudson 503 U.S. at 9-10; Harris v. Chapman 97 F.3d 499, 505 (11th Cir. 1996). In Hudson v. McMillion, 503 U.S. 1 (1992), the court held that the use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner "does not" suffer serious injury, excessive force cases are controlled by the anylisis set forth in Whitley v. Albers, 475 U.S. 312 (1986), under Whitley, the core inquiry is whether the force was applied in good faith effort to maintain or restore discipline or applied Maliciously and sadically for the purpose of causing harm.

While plaintiff contends and avers that he suffered serious injury that required medical attention, the injury recieved by the plaintiff is only one factor for consideration. While the absence of serious injury is relevant to Eight Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The court should also consider the need for the application of force and the amount of force exerted, the threat reasonable percieved by the official, or any effort to temper the severity of the force. Id. There is a factual dispute concerning whether the application of force was justified or necessary, and whether the use of force was excessive under the circumstances. The plaintiff also avers that during this malicious and sadistically use of force, that defendants c.o.I. Latimore stood by and fail to stop the unwarranted use of force. Plaintiff avers that by failing to intervene or stop the brutal beating of plaintiff, she were "deliberately indifferent, defendants prison officials may be held liable under the constitution for acting with deliberate indifference" to an inmate safety, when the official know that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825 (1994). Defendants knew that failing to take measures to abate it that plaintiff faced a substantial risk of serious injury due to the brutal nature of the assault, that plaintiff was cooperating and at no time offered resistance. Plaintiff contends that defendant Warden Thomas were also deliberate indifferent to a substantial risk to his

safety. Even though defendant had no prior warning that this particular incident would occur defendants were aware of a pattern and practice of prisoners being tortured and abused but refuse to take adequate measures to abate it or prevent these brutal assaults. Plaintiff needs to conduct discovery to substantiate these claims. However, there exist a genuine issue of material fact that preclude summary judgment on plaintiff claims of deliberate indifference to plaintiff safety. Furthermore defendant Warden Thomas fail to investigate or have this matter investigated until after I filed my complaint, demonstrating a complete disregard for plaintiff health and safety.

## ARGUMENT POINT-(2)

The supreme court has ruled that "deliberate indifference to serious medical needs of prisoners" is cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The plaintiff allege facts in his complaint that states a constitutional claim under this standard... Plaintiff avers that after he was beaten he was bloody suffered swelling, bruises and injuries that caused a substantial amount of pain. After plaintiff was beaten he was escorted to the infirmary by C.O.I. Kendrick and while at the infirmary PHS Nurse Adlar and Parnell fail to treat plaintiff for his injuries properly and failing to submitt plaintiff medical body chart according to proper filing of plaintiff injuries.

Plaintiff was never referred to an x-ray medical personnel, upon the showing of a busted left elbow and swelling right arm and badly bruised right legs, by female nurses Mrs. Parnell and Mrs. Adair. When plaintiff was interviewed by I&I investigator Mr. Ed Sasser was determined upon examination that plaintiff suffered from a serious injury that required ex-raying. It's the necessity and not the desirability of medical treatment sought which is important to the determination of whether medical officials have exhibited deliberate indifference. . Woodall v. Fot; 648 F.2d 268 (5th Cir 1982). . ). Finally, courts have acknowledged that conditions that cause significant pain are serious medical needs . . . McGuckin v. Smith, 974 F.2d 1050, 1060 (9th cir. 1992). ("Chronic and substantial pain" indicates that a medical need is serious); Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th cir. 1991). (Needless pain is actionable even if there is no permanent injury); Dean v. Coughlin, 623 F. Supp. 392, 404 (S.D.N.Y. 1985) ("conditions that cause pain, discomfort, or threat to good health" are serious). . This is true because a chief purpose of the cruel and unusual punishment clause is to prevent the unecessary and wanton infliction of pain. . (Estelle v. Gamble, 429 U.S. at 104 (citation omitted). Plaintiff complaint and affidavit allege, that the plaintiff has suffered pain, swelling, bleeding, bruises, and abrasions are sufficient enough to make plaintiff medical need serious. This, and the fact that the prison nurse covered up facts that can be contradicted by the testimony or written disposition of Mr. Ed Sasser.

The law regarding the state actions that plaintiff alleges are unconstitutional has been clearly established for some time. Officials of the defendants of corrections and in the state of Alabama, perhaps more than any other state, especial this prison, have regulary and forcefully been reminded of the minimal constitutional standards governing prison confinement since the first judgment(s) entered in Newman v. Alabama, 349 F. Supp. 278 (M.D. Ala. 1972); and, Pugh v. Lock, 406 F. Supp. 318 (1976). All the defendants have have had knowledge or should have had knowledge in these areas, and know these established laws existed and their duties to enforce and comply with them.

Lastly, the defendants claim of immunity is untrue! The eleventh amendment "does not" bar actions against state officers in their official capacity, if plaintiff seeks only declaratory judgment and/or injunctive relief. Choloux v. Killen, 886 F.2d 247 (1989 C.A.9 Idaho). Plaintiff sues each defendants in his or her official capacity for declaratory and injunctive relief and, in his or her official capacity or in his or her individual capacity for damages.

Wherefore, fore the foregoing reasons plaintiff moves that defendants Motion To Dismiss, be denied, that an evidentiary hearing be scheduled, a scheduling order be entered, and this case be set for trial permitting parties reasonable discovery.

Respectfully Submitted
Lavius Averette #217905
1000 St. Clair Rd
Springville, Al 35146

## CERTIFICATE OF SERVICE

I hereby certify that I have this 20 day of Oct, 2006.
Served a copy of the foregoing on defendants counsel, by placing same in the United States Mail, postage pre-paid and addressed as follow;

Staff Attorneys
Benjamin H. Albritton
Richard B. Garrett
P.O. Box 270
Montgomery, Al 36101-0270


CLERK OF COURT
United States District Court
P.O. Box 711
Montgomery, Al 36101-0711



Zavius Averette
Plaintiff, pro/se
1000 St. Clair Rd.
Springville, Al 35146